UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| PETER S. HARMER, et ux | ) |
| CHRISTINE C. HARMER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:13-00286 |
| | ) Judge Sharp |
| WILBUR O. COLOM and | ) |
| THE COLOM LAW FIRM, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court are four Motions to Dismiss (and a related Motion to Stay Discovery and Pretrial Disclosures) filed by "Scott W. Colum, *Pro Se* on behalf of Colom Law Firm, LLC and Wilbur O. Colom Pro Se." (Docket Nos. 5, 30, 33, 35 & 43). Plaintiffs Peter and Christine Harmer argue that those Motions should be denied and they should be granted a default judgment (Docket No. 19) because Scott Colum is not admitted to practice before the Court, Defendants are not otherwise represented by counsel, and Defendants have not answered or otherwise responded to the Complaint through competent counsel. All of these motions will be denied.

### I.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. That statutory provision, however, is said to apply only to individual, and not corporate entities, as "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v.

1

Cal. Men's Colony, 506 U.S. 194, 201–02 (1993); see also Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2nd Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread.").

For purposes of proceeding in federal court there effectively "is no difference between a corporation and a limited liability company, or indeed between either and a partnership," and "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations, one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir. 2008). Therefore, a limited liability company "cannot appear except through counsel." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 132 (2nd Cir. 2011); see also, Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 39 n.3 (1st Cir. 2012) ("a limited liability company cannot, as a matter of law, act *pro se*"). This applies even to limited liability companies "with only a single member, because even single-member LLCs have a legal identity separate from their members." Dougherty v. Snyder, 469 F. App'x 71, 72 (3rd Cir. 2012); see also, Sanchez v. Walentin, 526 F. App'x 49, 51 (2nd Cir. 2013) ("a layperson may not represent a corporation in which he is the sole shareholder, a limited liability company of which he is the sole member, or a partnership where he is a partner"); Collier v. Greenbrier Develop., LLC, 358 S.W.3d 196, 200 (Tenn. Ct. App. 2009) (citation omitted) ("'a limited liability company has an existence separate from its members and managers [and] may only appear in court through counsel").

There is, however, a twist in this case not found in most others. Scott Colom is a lawyer and a member of the Mississippi State Bar. He purports to act "*pro se*," but he is not being sued. By definition, a person who is proceeding *pro se* is one who is acting "on one's own behalf," that is,

"one who represents oneself in a court proceeding without the assistance of a lawyer." Black's Law Dictionary 1341 (9th d. 2009). For the reasons just expressed, he cannot represent the Colom Law Firm *pro se*. For obvious reasons, Scott Colom in a *pro se* capacity cannot represent Defendant William Colom.

To the extent that Scott Colom is acting as a lawyer and seeking to represent Defendants, his filings run afoul of this Court's Local Rules. Specifically, Rule 83.01(h) requires that non-resident attorneys either become admitted to the bar of this Court or seek admission *pro hac vice,* and associate themselves with local counsel who are admitted to practice in this Court.

Accordingly, Defendant's Motions will be denied.

**II.**

Because Defendants cannot be represented by Scott Colom *pro se* and no local counsel has entered an appearance on their behalf, Plaintiffs move for a default judgment. While it is true that a default judgment is proper under Fed. R. Civ. P. 55 where an opposing party has failed to plead or otherwise defend within the time required by the rules, it is also true that there is "a general preference for judgments on the merits," Dassault Systemes, SA v. Childress, 663 F.3d 832, 840 (6th Cir. 2011), and that both an entry of default and default judgment can be set aside in the discretion of the trial court for good cause shown. United States v. Goist, 378 F. App'x 517, 519 (6th Cir. 2010).

Defendants have presented an understandable, but mistaken, reason for proceeding in this case through Scott Colom acting *pro se*. After their initial Motion to Dismiss based upon lack of personal jurisdiction was filed, the Clerk of the Court issued a Notice indicating that, in accordance with the Local Rules, Scott Colom needed to file a motion to proceed *pro hac vice* and Defendants

3

needed to retain local counsel. Subsequently, however, the Clerk entered a notice on the docket that read: "DISREGARD NOTICE TO COUNSEL Scott W. Colom. Defendants are proceeding pro se." (Docket Entry for May 8, 2013). Defendants could reasonably read the rescinding of the initial notice to mean that they did not need to retain local counsel and that Scott Colom, proceeding *pro se*, could continue to represent them. Given this record, it would be an exercise in futility to grant Plaintiffs' Motion for Default because Plaintiffs have failed to show any real prejudice, Defendants have established good cause for their failure to retain local counsel, and Defendants have raised what may be meritorious defenses. See United States v. $22,050.00 in United States Currency, 595 F.3d 318, 324 (6th Cir. 2010) ("when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead'"). Therefore, Plaintiffs' Motion for a Default Judgment will be denied.

### III.

Based upon the foregoing, the Court rules as follows:

(1) Defendants' Motions to Dismiss (Docket Nos. 5, 30, 33 &35) and their Motion to Stay Discovery and Initial Disclosures (Docket No. 43) are hereby DENIED WITHOUT PREJUDICE.

(2) Plaintiffs' Motion for Default Judgment (Docket No. 19) is hereby DENIED;

(3) Within thirty (30) days of the date of entry of this Order, local counsel shall file an appearance on behalf of Defendants, although William Colom can represent himself if he chooses to do so. If Scott Colum intends to continue to represent Defendants he shall file a Motion to Appear *Pro Hac Vice* and a Certificate of Good Standing, and shall pay the appropriate fee;

(4) Within twenty (20) days of the date of appearance of new counsel, Defendants shall plead

4

or otherwise respond to Plaintiffs' Complaint; and

(5) Plaintiffs' Motion to Ascertain Status (Docket No. 48) is hereby DENIED AS MOOT;

This case is hereby returned to Magistrate Judge Knowles for further pretrial case management.

It is SO ORDERED.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE